UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DOUGLAS M. WILLIAMS, JR.

               Petitioner,

vs.                        Case No.  5:09-cv-562-Oc-29PLR

SECRETARY, DEPARTMENT OF CORRECTIONS; FLORIDA ATTORNEY GENERAL,

               Respondents.

_____

## OPINION AND ORDER

Petitioner Douglas Williams (hereinafter "Petitioner") initiated this action on December 22, 2009 by filing a Petition for Writ of Habeas Corpus (Doc. #1, Petition) pursuant to 28 U.S.C. § 2254 raising five grounds challenging his 2006 judgment of conviction in the Fifth Judicial Circuit, Sumter County, Florida.[1] Petition at 1.  Pursuant to this Court's Order, Respondent filed a Response (Doc. #8, Response) moving to dismiss Grounds One and Two as procedurally defaulted and deny relief on the remaining grounds. Respondent attached supporting exhibits (Doc. #11, Exhs. A-T) consisting of the trial court's records and Petitioner's post-

_____

[1] The Court deems a petition "filed" by an inmate when it is delivered to prison authorities for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

conviction records.[2]  Petitioner filed a Reply (Doc. #12, Reply) to the Response.  This matter is ripe for review.

## I.

Petitioner was charged by Amended Information with two counts of the sale of cocaine within 1,000 feet of a child care facility, and one count of possession of cocaine with intent to sell within 1,000 feet of a child care facility.  Exh. B at 25.  At trial, defense counsel presented a "mistaken identity" defense.  Exh. A at 163-166.  The jury found Petitioner guilty as charged.  Exh. A at 486-487.  Petitioner was sentenced to 20 years in prison on each count, to run consecutively.  Id. at 33-36.

Petitioner pursued a direct appeal raising three grounds of trial court error.  Exh. C.  The State filed an answer brief.  Exh. D.  The appellate court issued an opinion affirming Petitioner's judgment and sentence.  Exh. E.  Petitioner then sought discretionary review in the Florida Supreme Court, which was denied.  Exhs. G, H.

Petitioner then filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 ("Rule 3.850 Motion") raising fourteen claims of ineffective assistance of trial

---

[2]The page numbers referenced herein are to the page of the identified document as it appears on the Court's case management electronic computer filing system. Respondent's exhibits, however, were filed in paper format and not electronically scanned. Therefore, the Court refers to a particular document by the corresponding number of the exhibit and the bates stamp number for the pinpoint citation.

counsel.   Exh.  I.   The  post-conviction  court  summarily  denied Petitioner's Rule 3.850 motion.  Exh. J.  Petitioner appealed the trial court's order denying his Rule 3.850, but only raised certain grounds on appeal.  Exh. K.  The State filed a notice that it did not intend to file a brief.  Exh. L.  The appellate court *per curiam* affirmed the trial court's order.  Exh. M.

Petitioner filed a second Rule 3.850 Motion raising six more issues.  Exh.  O.  Petitioner acknowledged that only one issue was new and the other five were successive.  Exh. O at 2.   The new issue involved alleged newly discovered evidence-- namely that the State withheld an FDLE lab report from him regarding the drug evidence.  Id. at 3.  The trial court summarily denied Petitioner's second Rule 3.850 Motion finding that the newly discovered evidence was not new and dismissed the remaining grounds as successive. Exh. P.  Petitioner appealed the postconviction court's order, but only challenged the court's denial of counsel's failure to strike a biased juror.  Exh. Q.  The State again filed a notice that it did not intend to respond.  Exh. R.  The appellate court issued an opinion *per curiam* affirming the postconviction court's order. Exh. S.

Petitioner initiated the instant Petition raising the following five grounds for relief:

Ground One- trial court error for denying the motion for judgment of acquittal regarding possession of drugs by Petitioner;

Ground Two- trial court error for admitting the testimony of an officer as to Petitioner's identity;

Ground Three- ineffective assistance of counsel for failing to strike a biased juror;

Ground Four- ineffective assistance of counsel for failing to adequately challenge the chain of custody of the drugs; and

Ground Five- ineffective assistance of counsel for failing to suppress the drug evidence, for failing to object to tainted drugs and failing to object to the drugs based on conflicting evidence.

See generally Petition.

## II.

This Court has carefully reviewed the record and, for the reasons set forth below, concludes no evidentiary proceedings are required in this Court. Schriro v. Landrigan, 550 U.S. 465, 127 S. Ct. 1933, 1939-40 (2007). Petitioner does not proffer any evidence that would require an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. Schriro, 127 S. Ct. at 1940; Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied 541 U.S. 1034 (2004).

Petitioner filed his timely[3] Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996

---

[3]Respondent concedes that the Petition is timely filed, Response at 1, and the Court agrees.

("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  Abdul-Kabir v. Quarterman, 550 U.S. 233, 246 (2007);  Penry v. Johnson, 532 U.S. 782, 792 (2001).  Consequently, post-AEDPA law governs this action.  Under AEDPA, the standard of review is greatly circumscribed and highly deferential to the state courts.  Alston v. Fla. Dep't of Corr., 610 F.3d 1318, 1325 (11th Cir. 2010)(citations omitted).  AEDPA altered the federal court's role in reviewing state prisoner applications in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law."  Bell v. Cone, 535 U.S. 685, 693 (2002).  The following legal principles apply to this case.

### A.  Only Federal Claims are Cognizable

A federal court may entertain an application for a writ of habeas corpus from a person in state custody pursuant to a state court judgment only on the grounds that the petitioner is in custody in violation of the United States Constitution or the laws or treaties of the United States.  28 U.S.C. § 2254(a).  A claimed violation of state law is insufficient to warrant review or relief by a federal court under § 2254.  Pulley v. Harris, 465 U.S. 37, 41 (1984)("A federal court may not issue the writ on the basis of a perceived error of state law.");  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on

state-law questions."); <u>Waddington v. Sarausad</u>, 129 S. Ct. 823, 832 n.5 (2009)(same); <u>Cabberiza v. Moore</u>, 217 F.3d 1329, 1333 (11th Cir. 2000)(§ 2254 not enacted to enforce state-created rights). <u>Carrizales v. Wainwright</u>, 699 F.2d 1053, 1055 (11th Cir. 1983)(claim involving pure question of state law does not raise issue of constitutional dimension for federal habeas corpus purposes; state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.)

## B.  Federal Claim Must Be Exhausted in State Court

A § 2254 application cannot be granted unless a petitioner "has exhausted the remedies available in the courts of the State; . . . ." 28 U.S.C. § 2254(b)(1)(A). This imposes a "total exhaustion" requirement in which all of the federal issues must have first been presented to the state courts. <u>Rhines v. Weber</u>, 544 U.S. 269, 274 (2005). "Exhaustion requires that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process. That is, to properly exhaust a claim, the petitioner must fairly present every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." <u>Mason v. Allen</u>, 605 F.3d 1114, 1119 (11th Cir. 2010)(citing <u>O'Sullivan v. Boerckel</u>,

526 U.S. 838, 845 (1999) and <u>Castile v. Peoples</u>, 489 U.S. 346, 351 (1989)).

To fairly present a claim, a petitioner must present the *same* federal claim to the state court that he urges the federal court to consider. A mere citation to the federal constitution in a state court proceeding is insufficient for purposes of exhaustion. <u>Anderson v. Harless</u>, 459 U.S. 4, 7 (1983). "'[T]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'" <u>McNair v. Campbell</u>, 416 F.3d 1291, 1302 (11th Cir. 2005) (quoting <u>Kelley v. Sec'y for the Dep't of Corr.</u>, 377 F.3d 1317, 1343-44 (11th Cir. 2004)).

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine." <u>Smith v. Jones</u>, 256 F.3d 1135, 1138 (11th Cir. 2001), <u>cert. denied</u>, 534 U.S. 1136 (2002). Under the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief . . . . ." <u>Smith</u>, 256 F.3d at 1138. A procedural default for failing to exhaust state court remedies will only be excused in two narrow circumstances. First, a petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the asserted error. <u>House v. Bell</u>, 547 U.S. 518,

-7-

536-37 (2006); <u>Mize v. Hall</u>, 532 F.3d 1184, 1190 (11th Cir. 2008).
In <u>Martinez v. Ryan</u>, __ U.S. __, 132 S. Ct. 1309, 1318 (2012), the
Supreme Court  held that if "a State requires a prisoner to raise
an ineffective-assistance-of-trial-counsel claim in a collateral
proceeding, a prisoner may establish cause for a default of an
ineffective-assistance claim ..." when (1) "the state courts did
not appoint counsel in the initial-review collateral proceeding" or
(2) "appointed counsel in the initial-review collateral proceeding,
where the claim should have been raised, was ineffective" pursuant
to <u>Strickland</u>. <u>Id.</u> In such instances, the prisoner "must also
demonstrate that the underlying ineffective-assistance-of-trial-
counsel claim is a substantial one, which is to say that the
prisoner must demonstrate that the claim has some merit." <u>Id.</u>
Second, under exceptional circumstances, a petitioner may obtain
federal habeas review of a procedurally defaulted claim, even
without a showing of cause and prejudice, if such a review is
necessary to correct a fundamental miscarriage of justice.  <u>House</u>,
547 U.S. at 536; <u>Edwards v. Carpenter</u>, 529 U.S. 446, 451 (2000).

### C.  Deference to State Court Decision

A federal court must afford a high level of deference to the
state court's decision.  <u>Harrington v. Richter</u>, ____ U.S. _____,
131 S. Ct. 770, 786-787 (2011).  Habeas relief may not be granted
with respect to a claim adjudicated on the merits in state court
unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  See Berghuis v. Thompkins, 130 S. Ct. 2250, 2259 (2010).  A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference.  Blankenship v. Hall, 542 F.3d 1253, 1271 (11th Cir. 2008); Ferguson, 527 F.3d at 1146; Wright v. Sec'y Dep't of Corr., 278 F.3d 1245, 1253-54 (11th Cir. 2002).  When the last state court rendering judgment affirms without explanation, the Court presumes that it rests on the reasons given in the last reasoned decision.  Powell v. Allen, 602 F.3d 1263, 1268 n.2 (11th Cir. 2010)(citing Ylst v. Nunnemaker, 501 U.S. 797, 803-05 (1991)).

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision.  Carey v. Musladin, 549 U.S. 70, 74 (2006)(citing Williams v. Taylor, 529 U.S. 362, 412 (2000)).  A state court decision can be deemed "contrary to" the Supreme Court's clearly established precedents within the meaning of § 2254(d)(1) only if: (1) the state court applies a rule that contradicts the governing law as set forth in Supreme Court cases, or (2) the state court confronts a set of facts that is "materially

indistinguishable" from those in a decision of the Supreme Court and yet arrives at a different result. Brown v. Payton, 544 U.S. 133, 141 (2005); Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003). It is not mandatory for a state court decision to cite, or even to be aware of, the relevant Supreme Court precedents, "so long as neither the reasoning nor the result . . . contradicts them." Early v. Packer, 537 U.S. 3, 8 (2002); Mitchell, 540 U.S. at 16.

A state court decision involves an "unreasonable application" of the Supreme Court's precedent if the state court correctly identifies the governing legal principle but applies it to the facts of the petitioner's case in an objectively unreasonable manner, Brown, 544 U.S. at 134; Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000), cert. denied, 534 U.S. 956 (2001); or, "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Bottoson, 234 F.3d at 531 (quoting Williams, 120 S. Ct. at 1520). The "unreasonable application" inquiry "requires the state court decision to be more than incorrect or erroneous"; it must be "objectively unreasonable," a substantially higher threshold. Renico v. Lett, 130 S. Ct. 1855, 1862 (2010)(citations omitted). Depending upon the legal principle at issue, there can be a range of reasonable applications. Yarborough v. Alvarado, 541 U.S. 652, 663-64 (2004). And, the

Supreme Court has held that "an unreasonable application of federal law is different from an incorrect application of federal law." Harrington v. Richter, ___ U.S. ____, 131 S. Ct. 770 (2011)(quotations omitted).

A § 2254 petitioner can also obtain relief by showing that a state court decision "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(2). A factual finding by a state court is presumed to be correct and a petitioner must rebut this "presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The Supreme Court has not yet decided whether a petitioner must establish only that a factual finding is unreasonable, or must also rebut the presumption. Wood v. Allen, 130 S. Ct. 841, 848 (2010). In any event, the statutory presumption of correctness "applies only to findings of fact made by the state court, not to mixed determinations of law and fact." Parker v. Head, 244 F.3d 831, 836 (11th Cir. 2001), cert. denied, 534 U.S. 1046 (2001) (citation omitted).

### III. Analysis

#### A. Procedurally Defaulted Claims

In Ground One, Petitioner argues that the trial court committed error resulting in the denial of Due Process when it denied his motion for judgment of acquittal regarding his possession of drugs. Petition at 7. In Ground Two, Petitioner

argues that the trial court committed fundamental error by allowing the State to introduce testimony of an officer as to Petitioner's identity. Id. at 13. In Response, Respondent argues that both of these grounds are procedurally defaulted because Petitioner failed to raise the federal dimension of his claim to the State courts. Response at 12.

The Court agrees with Respondent that Grounds One and Two were not properly exhausted and are now procedurally defaulted. Although Petitioner raised Ground One as his second ground for relief in the direct appeal and Ground Two raised as his first ground for relief on direct appeal, Petitioner did not alert the State court to the federal dimension of either claim. Exh C at 7. In Reply, Petitioner argues that the Florida cases cited in his direct appeal brief were sufficient to alert the State court to his federal claim. To present a federal constitutional claim properly in state court, "the petitioner must make the state court aware that the claims asserted present federal constitutional issues." Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir. 1998). "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." Duncan v. Henry, 513 U.S. 364 (1995). "It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat

similar state law claim was made." <u>Anderson v. Harless</u>, 459 U.S. 4 (1982).

Here, the appellate brief relies upon and cites to only Florida law. <u>See</u> Exh. C. Petitioner did not cite to a single federal case in support of his claim. <u>See</u> <u>McNair</u>, 416 F.3d at 1303-1304 (finding federal dimension of claim unexhausted when petitioner never cited any United States Supreme Court precedent or federal appellate court cases). Although Petitioner cited the Fourteenth Amendment of the United States Constitution in a string citation, the Court finds such a general isolated reference wholly insufficient and exactly the type of "needle in the haystack" that the Eleventh Circuit has previously rejected as satisfying the exhaustion requirement. <u>See</u> <u>Kelley</u>, 877 F.3d at 1344. Thus, Petitioner did not satisfy the exhaustion requirement and would now be procedurally barred under Florida law from raising a federal claim before the State court. <u>Sullivan v. Wainwright</u>, 695 F.2d 1306, 1310 (11th Cir. 1983)(claims that should have been raised on direct appeal and were not are procedurally barred). Petitioner does not establish an exception to the exhaustion requirement: that cause for the procedural default exists, that actual prejudice results form the procedural default, or that review is necessary to correct a fundamental miscarriage of justice. Consequently, Petitioner's Grounds One and Two are dismissed as procedurally defaulted.

**B.   Ineffective Assistance of Counsel Claims**

Grounds Three, Four and Five raise claims of ineffective assistance of counsel.  Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d).  Newland v. Hall, 527 F.3d 1162, 1183 (11th Cir. 2008). Post-AEDPA, the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), remains applicable to the claims of ineffective assistance of counsel raised in this case.  Newland, 527 F.3d at 1184.  In Strickland, the Supreme Court established a two-part test to determine whether a convicted person is entitled to habeas relief on the grounds that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms," which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  Strickland, 466 U.S. at 688.  Petitioner bears a heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable." Jones v. Campbell,

436 F.3d 1285, 1293 (11th Cir. 2006), <u>cert. denied sub nom. Jones v. Allen</u>, 127 S. Ct. 619 (2006).   A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 477 (2000) (quoting <u>Strickland</u>, 466 U.S. at 690), applying a "highly deferential" level of judicial scrutiny. <u>Id.</u>   A court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." <u>Strickland</u>, 466 U.S. at 689.   An attorney is not ineffective for failing to raise or preserve a meritless issue. <u>Ladd v. Jones</u>, 864 F.2d 108, 109-10 (11th Cir.), <u>cert. denied sub nom. Ladd v. Burton</u>, 493 U.S. 842 (1989); <u>United States v. Winfield</u>, 960 F.2d 970, 974 (11th Cir. 1992) ("a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client"). "To state the obvious: the trial lawyers, in every case, could have done something more or something different.   So, omissions are inevitable.   But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" <u>Chandler v. United States</u>, 218 F.3d 1305, 1313 (11th Cir. 2000)(quoting <u>Burger v. Kemp</u>, 483 U.S. 776, 794 (1987)).

In Ground Three, Petitioner argues that his defense counsel was ineffective for failing to strike a biased juror.   Petition at 16.   Petitioner claims that during *voir dire* a juror, Mr. Valdes, expressed an inability to lay aside a bias for law enforcement.

Id. at 16-17.  In Response, Respondent refers the Court to the trial transcript showing that Petitioner agreed with defense counsel to keep juror Valdes.  Response at 15-16 (citing Exh. A1 at 137).  Respondent argues that the postconviction court applied the correct federal law to the claim and its decision was not contrary to or an unreasonable application of Strickland.  Id. at 16.

Petitioner raised Ground Three as his eighth claim for relief in his Rule 3.850 Motion.  Exh. I at 14.  In denying Petitioner relief on this claim, the postconviction court found as follows:

> Defendant claims Counsel was ineffective for failing to Strike for Cause and/or Challenge for Cause a bias juror. Counsel did not excuse a juror who had a son-in-law that was a detective in Boca Raton.  The juror, when asked whether that relationship would prevent him from being fair and impartial, responded with, "I want to say no, but I can't tell."  Asked as to whether someone working in law enforcement would deserve a little more credibility, the juror responded, "I'd like to judge their credibility individually, but him being a law enforcement officer, he might swing a little weight with me, maybe."  See attached Trial Tr., Jury Trial 96:25-99:4.  Defendant was involved and agreed to the chosen jury.  (See attached Trial Tr., Jury Trial 133:1-137:18. Defendant has failed to show the juror was actually biased against the Defendant.  Defendant must show that the jury was actually biased against him.  The nature of the juror's bias should be patent from the face of the record.  Only where a juror's bias is so clear can a defendant show the necessary prejudice under Strickland, that "there is no reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Jenkins v. State, 824 So. 2d 977 (Fla. 4th DCA 2002)(citations omitted).  In this case, the record does not demonstrate that the juror was so biased that he was unqualified to serve on the jury. A prospective juror's tendency to trust the police is not

-16-

unusual.   See Id.   Accordingly, this claim is without merit.

Exh. I at 9.   Petitioner appealed the adverse decision and the appellate court per curiam affirmed the postconviction court's order.  Exh. K at 20-21 (petitioner's appeal); Exh. M (appellate court order).  Thus, Petitioner exhausted Ground Three.

The record shows that the State court's decision was not contrary to or an unreasonable application of Strickland; and, was not an unreasonable determination of the facts based on the evidence presented.  The postconviction court rejected Petitioner's claim under the prejudice prong of Strickland finding that Petitioner did not show that the result of the proceeding would have been different because he did not show that juror Valdes was actually biased.  It was not necessary for the postconviction court to address the performance prong.  Halladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000)(if a defendant makes an insufficient showing on the prejudice prong, the court need not address the performance prong, and vice versa).  The portion of the trial transcript referenced by the postconviction court evidenced that juror Valdes did not unequivocally say that he would give more credibility to testimony from law enforcement.  Exh. A1 at 97-98. Subsequent inquiries during voir dire revealed that all potential jurors indicated that they would be fair and impartial and that they would follow the law as instructed by the judge.  Id. at 106-107.  Mr. Valdes specifically recognized that the burden of proof

was on the State, not on Petitioner.  Id. at 115.  Petitioner has not demonstrated by clear and convincing evidence that the state court erroneously concluded that juror Valdes was not actually biased.  Caratelli v. Stepp, 382 F. App'x 829, 833 (11th Cir. 2010).  Consequently, Petitioner is denied relief on Ground Three.

In Ground Four, Petitioner argues that defense counsel rendered ineffective assistance by failing to adequately challenge the chain of custody of the drugs.  Petition at 23-24.  Petitioner acknowledges that defense counsel objected to the introduction of the drugs, but argues that the objection was inadequate because no "rock cocaine" samples were introduced, only "powder cocaine" was introduced into evidence.  Id.  In sum, Petitioner argues that the drugs introduced in his case were from a different drug transaction between the confidential informant and another individual.  Id. at 22.  In Response, Respondent points out that the postconviction court denied Petitioner relief on Ground Four as refuted by the record.  Response at 17.  Respondent argues that defense counsel did in fact object to the introduction of the drug evidence based on inadequate predicate because the State did not "show [the drugs] actually came from the transactions involved."  Id. at 18 (citing Exh. A at 270).

Petitioner raised Ground Four as his second ground for relief in his Rule 3.850 Motion.  Exh. I at 7.  In denying Petitioner relief on this claim, the postconviction court found:

Defendant alleges that Counsel was ineffective for not challenging the chain of custody of the alleged crack cocaine purchased from Defendant. Counsel did not cross-examine the State's witnesses, Deputy Schlegel ("Schlegel"), evidence custodian, who sent the two items of evidence to the FDLE lab for testing. Trial testimony revealed that on the same day Defendant sold rock cocaine twice to the C.I., another individual sold powder cocaine to the same C.I. Defendant maintains that the State's evidence against Defendant could be the powder cocaine the C.I. purchased from someone else. However, the trial transcript reveals that Counsel did indeed challenge the chain of custody of the State's evidence. Counsel objected to the two rock cocaine samples being introduced into evidence for lack of proper chain of custody. (<u>See</u> <u>attached</u> Trial Tr., Jury Trial 270:5-272:4). Counsel motioned for judgment of acquittal based upon chain of custody not being properly laid to show where the cocaine samples came from. (<u>See attached</u> Trial Tr., Jury Trial, 414:9-415:22). Accordingly, Defendant's claim is conclusively refuted by the record and is without merit.

Exh. J at 4-5. Petitioner pursued an appeal concerning the postconviction court's denial of Ground Four. Exh. K at 4-5. The appellate court *per curiam* affirmed the postconviction court's decision. Exh. M. Thus, Ground Four is exhausted.

The record shows that the State court's decision was not contrary to or an unreasonable application of <u>Strickland</u>; and, was not an unreasonable determination of the facts based on the evidence presented. The postconviction court essentially found that defense counsel's performance could not be deemed deficient because counsel raised the very argument Petitioner faults counsel for not raising. The record supports the postconviction court's finding. <u>See</u> Exh. A3 at 414-415 (reviewing chain of custody). Consequently, Petitioner is denied relief on Ground Four.

In Ground Five, Petitioner raises related claims of ineffective assistance of counsel for failing to move to suppress the drug evidence, for failing to object to "tainted drugs," and for failing to object to the drugs based on "conflicting evidence." Petition at 26-33. In Response, Respondent points to the postconviction court's order finding that the record refutes Petitioner's allegations that the testimony and evidence related to "powder cocaine." Response at 19.

Petitioner raised Ground Five in his Rule 3.850 Motion as grounds six, nine, and fourteen, respecitvely. Exh. I at 11, 15, 21. The postconviction court decided these claims were related and addressed the issues together. Exh. J at 7. In denying Petitioner relief, the postconviction court found:

> In Ground Six, Defendant claims Counsel was ineffective for failing to have the State's "powder cocaine" drug evidence suppressed. In Ground Nine, Defendant claims Counsel was ineffective for failing to object to the "powder cocaine" drug evidence as being tainted, tampered, and/or unrelated to the case. In Ground Fourteen, Defendant claims Counsel allowed the State to use conflicting drug evidence (the "powder cocaine") which was not proven as coming from Defendant to convict him. Defendant claims the FDLE lab analyst determined the two exhibits/samples were powder cocaine rather than crack cocaine as charged. Defendant refers to the remark made by the FDLE lab analyst, Mark Hester ("Hester"), when he described his analysis of the two exhibits/samples as weighing the "powder in this case." (See attached Trial Tr., Jury Trial, 262:20-262:23). However, trial transcripts reveal that Hester did not describe the two exhibits/samples as powder cocaine. He described the two exhibits/samples as off white powder and chunks and white powder and chunks. (See attached Trial Transcript, Jury Trial 276:6-9). He only made a reference to "powder in this case" as a representative

-20-

sample.   (See attached Trial Transcript, Jury Trial 262:23).  In this case, the State established the drug evidence as crack cocaine and laid a proper chain of custody through multiple witnesses; Prevatt, Davenport, and Schlegel. As mentioned in paragraph 9 above, Counsel did object to the State's evidence on two separate occasions based upon the chain of custody not being properly laid.  Defendant Counsel's representation was reasonable and prudent under the circumstances. Accordingly, Defendants' claim that the State's evidence used against him was "powder cocaine", rather than crack cocaine and therefore unrelated evidence that Counsel should have moved to suppress is refuted by the record. Additionally, Defendant's claim that the State's evidence was tainted and/or tampered with is a conclusory allegation and therefore without merit.    Finally, Defendant's claim that Counsel allowed the State to convict him on conflicting drug evidence that was not proven as coming from Defendant is conclusively refuted by the record and without merit.

Petitioner appealed the denial of grounds six, nine and fourteen. Exh. K at 6-7.  The appellate court *per curiam* affirmed the postconviction court's order.  Exh. M.

The record shows that the State court's decision was not contrary to or an unreasonable application of Strickland; and, was not an unreasonable determination of the facts based on the evidence presented.   All three subclaims in Ground Five are premised on Petitioner's theory that powder cocaine, not crack cocaine, was introduced into evidence against him.  As noted by the postconviction court, the record refutes Petitioner's contentions. The drugs introduced in Petitioner's case were the same drugs that were exchanged from Petitioner to the confidential informant.  See Exh. A3 at 417 (trial court reviewing chain of custody).   To the

extent Petitioner believes that the drugs introduced in his trial appeared more powdery than chunky, the State explained when reviewing the chain of custody that the handling and testing of the substance changes the appearance and consistency. Id. at 416. Because the record directly refutes Petitioner's allegations that the wrong drugs were introduced as evidence in his case, Petitioner's counsel cannot be faulted for failing to raise a meritless motion to suppress the drugs, or for failing to raise baseless objections to the drugs. Even if defense counsel had moved to suppress the evidence or otherwise objected, the trial court would have denied the motion or overruled the objections because the chain of custody was established. Consequently, Petitioner is denied relief on Ground Five.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The Petition for Writ of Habeas Corpus (Doc. #1) is **DISMISSED** in part and **DENIED** in part for the reasons set forth herein.

2. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking to appeal a district court's final order denying his petition writ of habeas

has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA").   28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003)(citations and internal quotation marks omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Fort Myers, Florida, on this   21st   day of February, 2013.

_____
JOHN E. STEELE
United States District Judge


SA: alj
Copies: All Parties of Record

-23-